## MARY E. COOMBS, PLAINTIFF IN ERROR,

*v.*

## A. L. DAVIS AND JOHN DAVIS, Copartners under the firm name of A. L. DAVIS & SON, DEFENDANTS IN ERROR.

Section 182 of the Code, requiring a garnishee to attend before the Court or Judge, and be examined respecting debts he may be owing a defendant, or concerning property of the defendant in his possession or under his control, does not create an adversary proceeding, but simply a method by which the plaintiff may probe the conscience of the garnishee in the premises

The Court or Judge has no jurisdiction to order the garnishee in such proceeding to turn over property, unless on the hearing he admits he has property of the defendant in his possession, or under his control; but if the garnishee claim a lien upon the property, the garnishee can only be ordered to turn over the same to the sheriff, upon his lien being first satisfied.

It is intimated by the Court that such an order to turn over to the sheriff might be made in respect to certain classes of property, making provision, however, for the satisfaction of the garnishee's lien.

ERROR, to First Judicial District, holding terms at Walla Walla.

The order appealed from was one made against a garnishee in attachment, in a case wherein A. L. Davis and John Davis, as copartners, were plaintiffs, and W. L. Coombs, Frank W. Coombs, and W. E. Coombs, as copartners, were defendants, requiring plaintiff in error, as such garnishee, to deliver over to the Sheriff of Walla Walla County certain notes and contracts, the same to be held and collected by said sheriff, and the proceeds applied, first, to the satisfaction of such judgment as might be rendered in the original case in favor of plaintiffs, and against the defendants therein, and the residue to be returned to said garnishee.

The only evidence adduced on the hearing was the evidence of the garnishee, who admitted to having in her custody notes and contracts of the defendants, but which she claimed were taken to secure the payment of money loaned by her to defendants.

This order was made upon the finding that such notes and contracts were in fact the property of said defendants, but fraudulently placed in the hands of the wife of one of the defendants, for the purpose of preventing the collection of any judgment plaintiffs in the original action might recover.

At the time of making the order appealed from, the principal action was pending, and no judgment had been rendered therein.

*T. J. Anders* and *L. B. Hanson*, for Plaintiff in error.

The notes and contracts delivered by plaintiff in error, under the order of the Court below to the Sheriff of Walla Walla County, were neither money, debts owing, or credits, or other personal property belonging to the defendants in the original action.

They were merely the evidences of indebtedness, and not the debts themselves. (Drake on Attachment, 5th ed., Sec. 481 ; *Maine Fire and Marine Insurance Co.* v. *Weeks,* 7 Mass. Rep. 438 ; *Dickinson* v. *Strong,* 4 Pick. 57 ; *Perry* v. *Coates,* 9 Mass. 537 ; *Lupton* v. *Cutter,* 8 Pick. 298 ; *Gore* v. *Clisby,* 8 Pick. 555 ; *Guild* v. *Holbrook,* 11 Pick. 101 ; *Howland* v. *Spencer,* 14 N. H. 530 ; *Bowker* v. *Hill,* 60 Me. 172 ; *Deacon* v. *Oliver,* 14 How. Sup. Ct. U. S. 610; *Hancock* v. *Colyer,* 99 Mass. 187 ; *Grant* v. *Shaw,* 16 Mass. 341 ; *Hergman* v. *Dettlebach,* 11 Howard's Practice, 46 ; Freeman on Executions, Sec. 161 ; Waples on Attachment and Garnishment, 168, 169, 170, 171.)

Even if it be conceded that these notes and contracts are property, subject to garnishment, still, as the defendants in the original action could not have recovered from the plaintiff in error, without first having paid the indebtedness for which they were pledged to her, she cannot in respect to them be charged as garnishee. (Drake on Attachment, 5th ed., Sec. 583 ; *St. Louis* v. *Regenfuss,* 28 Wis. 144 ; *Burton & Stapelton* v. *District Township,* 11 Ia. 166 ; *Smith, Twogood & Co.* v. *Clark & Henley,* 9 Ia. 241 ; *Hassie* v. *God Is With Us Congregation,* 35 Cal. 378 ; Waples on Attachment and Garnishment, 194, 195.)

The plaintiff in error being the holder of the notes and contracts as pledgee thereof, and her possession being the essence of her lien, the Court below had no legal right to destroy her lien by depriving her of the possession of the pledge, without payment of the debt due her by the pledgors. (Edwards on Bailments, 2nd edition, Secs. 223, 269 ; Code of Washington, p. 63, Sec. 182; Drake on Attachment, 5th edition, Secs. 533, 536, 537, 538, 539 ; *Casey* v. *Cavaroc,* 96 U. S. Sup. Ct. 467 ; *Smith, Twogood & Co.* v. *Clark and Henley,* 9 Iowa, 241 ;

*Grant* v. *Shaw*, 16 Mass. 341; *Central Bank* v. *Prentice*, 18 Pick. 396; Waples on Attachment and Garnishment, 212; *Sonoma Valley Bank* v. *Hill*, 59 Cal. 107, 111.)

The interest of plaintiff in error in the notes and contracts as pledgee was not subject to sale on execution (Code of Washington, p. 95, Sec. 356, Subdivision 3), and hence was not subject to garnishment or attachment. (*Andrews* v. *Ludlow*, 5 Pick. 28; Waples on Attachment and Garnishment, 212; Drake on Attachment, 5th ed., Sec. 539; Edwards on Bailments, 2d ed., Secs. 263, 264; Freeman on Executions, Sec. 161.)

*John B. Allen* and *D. J. Crowley*, for Defendants in error.

This Court is one of special and limited jurisdiction, having cognizance only of that class of cases defined in the Organic Act. Its jurisdiction as an appellate Court is only over all final judgments, orders, and decisions of the District Courts. (Revised Statutes of the United States, Sec. 1869.)

Defendants in error respectfully submit that the order herein appealed from is not a final order, but, on the contrary, is a contingent and interlocutory order. By its terms it is inoperative, except in the event that the plaintiffs recover judgment against the defendants in the original action. No final order in the premises, from the very nature of the case, could be made against the garnishee, until final judgment should be rendered in the original action against defendants. (*Cushing* v. *Laird*, 107 U. S. Sup. Ct. Rep. 69; *Atlantic and Pacific Railroad Company* v. *Hopkins*, 94 U. S. Sup. Ct. Rep. 11; *Board of Education* v. *Scoville*, 13 Kan. Rep. 32; *Arthur* v. *Hale*, 6 Kan. Rep. 165; *Green* v. *Fisk*, 103 U. S. Sup. Ct. Rep. 518; *Baker et al., Assignees*, v. *White*, 92 U. S. Sup. Ct. Rep. 176; *Cumbuston* v. *United States*, 95 U. S. Rep. 285; *Buffington* v. *Harvey*, 95 U. S. Rep. 99; *Davis* v. *Davis*, 36 Ind. Rep. 160; *McCullough* v. *Dodge*, 8th Kan. Rep. 476; *McGregor* v. *Buel*, 3 Abbott's Appeals, 86.)

The proceeding herein is one at law. The findings of fact by the Judge of the District Court should be treated by this Court as the verdict of a jury, and will not be set aside if any evidence appears upon which they may properly be sustained. Particularly would this be true in a case of alleged fraudulent

transfer from husband to wife.    (*George W. Bullene* v. *Abraham Garrison,* Vol. 1 Wash. Ter. Rep., New Series, 587 ; *Mary Phelps et al.* v. *S. S. City of Panama,* Idem, 525 ; Code of Washington; Sec. 2397.)

The question of the liability of the maker of negotiable promissory notes to answer as garnishee to the creditor of the payee, is not presented by the record in this case.    The evidence does not contain any of the notes or contracts mentioned in the order, nor is there any evidence tending to show whether the same are negotiable, or if so, whether at the time of making the order they were overdue.    Under the statutes of Washington Territory, all property of a debtor, not exempt, is subject to execution and attachment.    Such a claim as that evidenced by a promissory note is rendered subject to garnishee process. (Code of Washington, Secs. 177, 179.)

Our Code is virtually a reënactment of the statutes of California on the same subject ; and with the adoption of the statute we adopt the rule of construction placed upon it by the Courts of that State.    (Harston's Practice, p. 244, Sec. 537 ; p. 247, Sec. 542 ; *Davis* v. *Mitchell,* 34 Cal. 81 ; *Sheets* v. *Culver,* 38 Am. Dec. 593 ; *Erwin* v. *Commercial & Railroad Bank,* 48 Am. Dec. 447 ; *Junction Railroad Company* v. *Clancy,* 13 Ind. 161 ; *Stewart* v. *West,* 1 Harris & Johnson, Maryland, 536.)

Opinion by TURNER, Associate Justice.

The appellant, as garnishee in the case of *L. Davis & Son* v. *W. L. Coombs et al.,* pending in the District Court of the First Judicial District, holding terms at Walla Walla, was required to appear before the Judge of said Court at chambers, as provided by Section 182 of the Code, to answer concerning property in her possession or under her control, belonging to the defendants or either of them, or in which they or either of them had any interest.    Upon the examination before the Judge which followed, the appellant admitted having in her possession notes and sewing machine contracts to the amount of over five thousand dollars, which had been endorsed and delivered to her by the defendants as security for the sum of thirty-five hundred dollars, which she testified she had loaned them on September 28th, 1883.    In response to questions upon direct and cross-ex-

amination, she made a detailed statement of facts, for the pur-
pose of showing the manner in which she acquired the large
sum claimed to have been loaned by her to the defendants, who
were her husband and sons, and concerning her and their rela-
tions with the plaintiffs and their family. This detailed, state-
ment was not consistent in every respect, and tended very strong-
ly to impeach the *bona fides* of the transfer to her of the notes
and machine contracts.

Upon this state of facts the Judge below made an order, re-
quiring the garnishee to deliver the said notes and machine con-
tracts to the sheriff, the same to be collected by him, and the
proceeds to be applied to the satisfaction of any judgment that
might be recovered by plaintiffs against defendants, and the res-
idue to be returned to the garnishee.

The garnishee excepted to this order. The cause is here
under the Appeal Act of 1883, and the appellant, the garnishee,
assigns said order as error.

Section 182 of the Code, after providing for the examination
of garnishees in attachment proceedings before the Court, or
Judge, or a referee, continues: "The Court or Judge may,
after such examination, order personal property capable of man-
ual delivery to be delivered to the sheriff on such terms as may
be just, having reference to any liens thereon or claims against
the same, and a memorandum to be given of all other property,
containing the amount or description thereof."

It was not intended by this section of the Code to establish an
adversary proceeding in which the title to property in the hands
of a garnishee, and claimed by him, might be disputed and liti-
gated. The right of the Court or Judge in such a proceeding
depends entirely upon the admissions of the garnishee.

If he admit the property in his hands to be the property of
the defendant, free from claim on his part, the Court may order
the delivery of the property to the sheriff, to answer any judg-
ment that may be recorded against the defendant. If he admit
the property to be that of the defendant, coupled with a claim
or lien against it in his favor, the Court or Judge may still order
the property delivered to the sheriff on such terms as may be
just, having reference to the claim or lien of the garnishee.
The proceeding is one to probe the conscience of the garnishee

by an examination under oath, when his unsworn memorandum, provided for by Section 183 of the Code, proves unsatisfactory to the plaintiff; and in the nature of discovery in aid of the right of action against the garnishee given by Section 181 of the Code. This construction is reasonable, and it obviates grave constitutional questions which any other construction would require to be met.

From these views it follows that the order of the Judge in the proceeding below was in excess of his authority.

Upon the case as made, there was only one order that would have completely and certainly protected the rights of the garnishee.

That was to require her to turn the notes and contracts over to the sheriff, upon being paid the sum for which she held the same as security.

The sewing machine contracts, as we understand them, are contracts by third persons to pay the defendants money at a future time. Extreme diligence is required in the collection and enforcement of demands such as these notes and contracts are; and as the garnishee is not protected by bond, it would be unjust to require her to stand idly by, and rely for their collection upon the exertions of a third person.

As to some kinds of property, an order requiring the delivery of the same to the sheriff, and making proper provision for the satisfaction of the prior lien of the garnishee out of the money received from the sale of the same, would doubtless be just. As to property of the character of that in controversy, such an order is not just, as that term is used in the statute.

The order of the Court below is reversed, and the cause remanded for further proceedings.

We concur:  R. S. GREENE, Chief Justice.
JOHN P. HOYT, Associate Justice.